## DOMENECH v. PAN AMERICAN STANDARD BRANDS, Inc.

### No. 4002.

Circuit Court of Appeals, First Circuit.

April 11, 1945.

L. E. Dubon, Otero Suro & Otero Suro, Rodrigo Otero Suro, and Agustin Perez Rodriguez, all of San Juan, Puerto Rico, for appellant.

Ryder Patten, of San Juan, Puerto Rico (James R. Beverley, of San Juan, Puerto Rico, of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal by the plaintiff from a judgment of the District Court of the United States for Puerto Rico dismissing his complaint in an action brought under Act No. 49 of the insular legislature approved August 7, 1935, Laws of Puerto Rico, Special Session 1935, p. 538 et seq., to recover wages at double his regular hourly rate for overtime which he alleges he worked between the effective date of the above Act and September 30, 1942.

The statute involved, entitled "An Act to regulate the working hours of persons employed in commercial and industrial establishments and in other lucrative businesses, and for other purposes," provides in § 1 that:

"No person shall be employed or shall be permitted to work in any commercial, industrial, or agricultural establishment or in any other lucrative business more than eight (8) hours during any natural day, except in case of some extraordinary event or emergency caused by fire, famine, or flood, or danger to life, property, or public safety or health or under any other special circumstance, provided that the Governor of Puerto Rico, on recommendation of the Commissioner of Labor, subsequently declares that the provisions of this Act shall not apply in these excepted cases and that therefore the violations committed were excusable; Provided, that the limit of eight

(8) hours established by this section, in all normal labor aside from the exceptions already noted, may be extended to a period that shall not exceed nine (9) hours during any natural day, on condition that every person so employed for wages, by the day, or otherwise, for more than eight (8) hours during any natural day, shall be paid for the work that he does during such extra time at a rate double that of the wages being paid him by the hour for the preceding work."

The Act next goes on to provide for the temporary suspension of the above provision in advance in specified emergency situations, defines the terms used therein, and makes some other provisions not here material, and then provides in § 8 that "Every employer violating this Act or any section or provision hereof shall be guilty of a misdemeanor and shall be punished" by specified fines or terms of imprisonment or both in the discretion of the court. The Act concludes with the provision that it shall take effect ninety days after its approval.

The plaintiff in his complaint, after setting out that he is a resident of Puerto Rico and the defendant a Delaware corporation, alleges that prior to the effective date of the Act he "was employed by the defendant to work in its business or industry of producing, purchasing, selling and delivering yeast and other food products at the agency or branch it maintains in this Island, there having been no express agreement at the time of his employment, nor at any time thereafter, with respect to the duration of the same, nor with respect to a fixed daily wage, your plaintiff having remained in said employment continuously and without interruption until the 30th of September, 1942." Then he alleges that during his employment he was paid the wages shown in the table in the margin;[1] that for two periods of time during his employment he worked the hours set out in the margin,[2] and that in addition during the years 1939, 1940, and 1941 he worked 5 hours on one Sunday in each month. In the seventh paragraph of his complaint he states as his cause of action:

"That the defendant owes plaintiff the sum of $6,183.94 for wages earned and unpaid and the additional compensation for all hours in excess of eight (8) hours per day which he worked during the term of his employment at the rate of double the wages per hour earned for each one of the first eight (8) hours of his work day, according to the provisions of aforesaid Law No. 49, of the 7th of August, 1935."

The plaintiff originally filed his complaint in the Municipal Court for the Municipal District of San Juan, Puerto Rico, but it was removed to the court below by the defendant, there being the requisite diversity of citizenship and amount in controversy. In the latter court the defendant moved to dismiss for failure to state a good cause of action and in the alternative for a bill of particulars. The court below granted the motion to dismiss.

The District Court in its memorandum opinion first points out that the "Act is a regulation of hours, not of wages," and

[1]

| Dates | | Amount | Base Period |
|---|---|---|---|
| | to Dec. 31, 1935 | $15.00 | weekly |
| Jan. 1, | 1936—Jan. 4, 1938 | 18.00 | weekly |
| Jan. 4, | 1938—June 30, 1938 | 20.00 | weekly |
| June 1,* | 1938—June 30, 1941 | 47.50 | fortnightly |
| June 1,* | 1941—Dec. 31, 1941 | 50.00 | fortnightly |
| Jan. 1, | 1942—Sept. 30, 1942 | 55.00 | fortnightly |

[2]

| Day | From the effective date of the Act to Dec. 31, 1938 A. | From Jan. 1, 1939 to Sept. 30, 1942. B. |
|---|---|---|
| Monday | 16 hours | 13 hours |
| Tuesday | 12 " | 11 " |
| Wednesday | 10 " | 10 " |
| Thursday | 16 " | 13 " |
| Friday | 15 " | 11 " |
| Saturday | 3 " | 9 " |

(* so in original—probably should be July 1)

that "the provision for double-time payments for the ninth hour during any one day is merely a means of enforcing the hour limitation," and that for violations only criminal sanctions are imposed. Then from this it reasoned that an executory contract to work in excess of the maximum hours set by the statute, regardless of the rate of pay specified, would be void and unenforceable as against public policy, and that no recovery could be had by an employee under an executed contract of such a nature because, although when the Act is violated the employee and the employer are not strictly speaking in pari delicto, still they are "in delicto to such an extent" that neither can recover against the other. It said: "An express contract which contemplated work in Puerto Rico of more than nine hours in any one day would be in violation of the statute and unenforceable. It could hardly be said that the law would raise an implied contract to pay one of the parties for the violation of the law itself." Finally the District Court concluded that the plaintiff here could not recover for overtime at even the regular hourly rate. It reasoned that the Act did not alter the pre-existing rule of Puerto Rican law to the effect that there can be no recovery for services rendered on a quantum meruit basis, but that recovery can be had only when a contract or custom to pay wages is alleged and proved, and then it said "In the present case, no custom of the place or frequent usage is alleged and so far as any specific contract is concerned, the contrary is alleged in the complaint, i.e., that there was no contract." Consequently the court below, finding that the complaint was not susceptible of amendment, ordered it dismissed on the merits.

A few days after judgment was entered below the Supreme Court of Puerto Rico handed down its decision in the case of Cardona v. Corte de Distrito de Humacao[3] (decided May 18, 1943, and not yet reported in English, but which we are told will appear in Volume 62 of the Puerto Rico Reports) in which it analyzed Act No. 49 at considerable length and reached conclusions with respect to it which seem to us to require that the judgment of the court below be reversed and the case remanded for further proceedings.

The Supreme Court of Puerto Rico in the Cardona case first states the facts and pleadings as follows:

"Pursuant to Act No. 10 of 1917 (11), as amended, fifteen agricultural workers filed complaints in the Municipal Court of San Lorenso against the petitioner for unpaid wages. A sample complaint alleged a verbal contract between the plaintiff and the petitioner 'That the plaintiff would render services as a cart driver (carretero) during the cane-grinding season for compensation of $1.68 a day. That during 56 days he worked 4 extra hours daily in excess of the 8 regular hours of the ordinary work day, that is, a total of 224 extra hours, that at the double rate of pay, amounts to the sum of $94.08, a sum that the defendant refuses to pay * * *'.

"The Municipal Court dismissed the complaints. On appeal to the District Court of Humacao, that court overruled demurrers to the complaints, holding that Act No. 49, Laws of Puerto Rico, Special Session, 1935, provided for payment to workmen of double pay for all hours worked in excess of eight hours in any one day. At the request of all the parties involved herein, we issued a preliminary writ of prohibition directed to the district judge."

Then, after holding that the complaints are not defective for failure to allege that the overtime was not worked under permit during an emergency, it states the question for decision as whether "Act 49 provides for double pay for work in excess of eight hours a day under normal conditions."

In considering this question the court first says that the Act is not a wage law but is one for the sole purpose of limiting the hours of work of a normal day in order to improve the health of employees and to relieve unemployment, and that the provision for double pay for the ninth hour and for overtime worked in an emergency was designed to insure compliance with the provision limiting the hours of work by making overtime prohibitively expensive. Then it rather sharply criticizes the wording of the Act and following this reluctantly concludes that it permits an employee to recover double time for only the ninth hour worked in any one day, not for subsequent hours. It says "the only penalty pro-

[3] In reliance upon this opinion the plaintiff seasonably moved for reconsid-eration in the District Court but his motion was denied.

vided in Act No. 49 for those employers who are illegally employing laborers beyond nine hours is the criminal provision".

Next the court considers the question of the worker's right to recover pay at the ordinary rate for extra hours worked beyond the ninth hour and holds that he can. It discusses certain of the cases relied upon by the court below for the proposition that the parties are sufficiently in delicto to prevent recovery by one against the other and with respect to them says:

"We emphasize that we do not quarrel with the holding in the above-cited cases that a contract for such overtime work is against public policy and will not be enforced by the courts. We part company with them when they likewise conclude that even after full execution of the contract by the worker, public policy also demands, in spite of the silence of the Legislature on the subject, that the fruits of his efforts shall remain in the hands of the employer rather than be restored to the workman for whose benefit the statute was in the first instance enacted."

Next the court takes up the question whether the complaint before it stated facts sufficient to constitute a cause of action under the Puerto Rican rule relied upon below to the effect that a complaint in an action to recover for services rendered is defective if it does not allege either an agreed or a customary price for those services. It cites the cases upon which the court below relied as establishing this rule (Garcia v. Canada, 11 P.R.R. 403; Agosto v. Woods, 13 P.R.R. 356; Ledesma v. Araujo, 15 P.R.R. 234 and Ex Parte Capo, 59 P.R.R. 891) noted that in the case last cited the court "did not categorically rule that in the absence of a certain agreed price or customary rate, there can be no recovery for services rendered," and then said: "Without determining in detail to what extent, if any, the rule of Agosto v. Woods has been modified by Act No. 49 and other statutes, we are satisfied that, even under the original rule, an allegation of a contract or of customary pay at a specified rate of pay is a sufficient allegation to enable recovery at that same rate of pay for time worked beyond the contract or customary time."

The Supreme Court of Puerto Rico concludes its opinion with consideration of the proposition "that there is a presumption that laws are complied with, and in the absence of any allegation to the contrary in the complaint, we should presume that the defendant, by paying $1.68 per day has already paid not only the ordinary rate, but even double the ordinary rate, for all hours worked over eight in any one day." In disposing of this contention it cites Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, and Warren-Bradshaw Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83, to show that the "actual minimum rate per hour is a matter of fact, depending on the agreement between the parties or the governing custom," notes that there is no insular minimum wage law, and then says:

"We will not, of course, reframe the contract of the parties to make the $1.68 cover the twelve hours by presumption or otherwise. But if the testimony at the trial shows that this was actually the intention or agreement of the parties, or that there was a prevailing custom to that effect, the workers have won an illusory victory by our holding that they are entitled to compensation at the ordinary rate for the tenth, eleventh, and twelfth hours. That is to say, if the parties actually contracted that the workman would be paid $1.68 for twelve hours, making an hourly rate of 14¢ an hour, the latter has already been fully compensated at the ordinary rate for all twelve hours, although he will, of course, still be entitled to the extra compensation for the ninth hour which the statute specifically provides he shall receive. Collective bargaining agreements, workmen's compensation records, individual written or oral agreements, Agricultural Adjustment Administration records, payments made when because of illness only part of a day was worked, and customs of the community or industry are illustrative sources of the facts to be found on this question by the lower courts."

In closing the court remarked:

"The intention of the parties is ascertained by determining what the actual arrangements, as gathered from all the circumstances, were at the time of employment * * *

"We are aware of the difficulties which may arise in the effort to determine if the compensation originally paid covered all extra hours worked. We can only repeat that the situation herein is not of our making, and that the remedy therefor is not within our province." It then discharged

its writ of prohibition and remanded the case to the lower court for further proceedings not inconsistent with its opinion.

Our discussion of the Cardona case and our quotations from it clearly show that the District Court in the case at bar erred in concluding that an employee and his employer "are in delicto to such an extent" that under Act No. 49 the former cannot recover wages at the normal rate from the latter for overtime actually worked. And we think that our discussion and quotation also show, contrary to the conclusion of the District Court, that the facts alleged by the plaintiff in the case at bar are sufficient to state a cause of action under the insular rule, (assuming it to be still in force) which denies recovery of wages on a quantum meruit basis but permits such recovery only when a contract or custom to pay wages is alleged and proved. Admittedly there is no allegation of a customary wage, and to be sure it is alleged that neither at the time of the plaintiff's employment nor at any time thereafter was there any express agreement with respect to the duration of the employment or with respect to a fixed daily wage. This seems to us to mean no more than that there was no agreement as to the length of the plaintiff's term of service, as distinguished from his hours of service per day, or division of his weekly or fortnightly wage into a daily one. But, however this may be, the fact remains that the plaintiff alleged the hours per day he worked and the sums per week or per fortnight he was paid therefor, and these are allegations "of a contract * * * at a specified rate of pay" which the Supreme Court of Puerto Rico in the Cardona case said is sufficient "to enable recovery at that same rate of pay for time worked beyond the contract or customary time." It is substantially what the plaintiff in the Cardona case alleged when he said that his compensation was to be $1.68 per day and that "he worked 4 extra hours daily in excess of the 8 regular hours of the ordinary work day." The only difference is that the plaintiff in that case was paid by the day and the plaintiff in the case at bar was paid sometimes by the week and sometimes bi-monthly, but obviously the plaintiff's daily wage can be found by a simple mathematical calculation.

This brings us to the question whether the parties, employer and employee, intended the wages paid to cover a week's work no matter what the hours, or only work for a week made up of eight hour days, in other words, whether the plaintiff has already been paid for his overtime or whether he has not, and this the Supreme Court of Puerto Rico in the Cardona case said is a question of fact. It was not passed upon by the court below because in the view of the Act there taken it was not reached. As appears from the foregoing discussion we think it should have been reached and that the plaintiff is entitled to have it considered.

In remanding for this purpose we are not unmindful of the allegation in the complaint that the plaintiff's employment began before the passage of the Act, so that, if upon trial on the merits, it should appear that prior to the effective date of the Act he was working 72 hours a week for $15, as he says he worked immediately thereafter, the court below would be justified in finding that the parties intended that $15 should cover a 72 hour week. But this would not prevent the plaintiff from recovering double time for the ninth hour worked in any day and furthermore it does not appear how many hours he worked or what he was paid before the Act took effect. We think he should have an opportunity to show these facts and also to produce any other relevant evidence he may have to show what his original arrangement with his employer actually was and what if any modification of it may have been made at the time Act No. 49 took effect.

The cases of Alcala v. Ponce Star Line, decided July 3, 1944, and Torres v. Gonzalez, decided July 13, 1944, not yet reported, both of which were cited to us by the defendant, are not in point. In the former the court found an express contract between the plaintiff and his employer for a seven day week made up of 15 hour days for a wage of $10.50, or $1.50 per day, and in the latter the court found as a fact, that the weekly compensation paid, $12.50, was intended to cover regular as well as all overtime wages.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion; the appellant recovers costs of appeal.